No. 12,906.

IN RE A. J. MURFF, APPLYING FOR WRIT OF ERROR TO THE COURT OF APPEALS, FIRST CIRCUIT, IN CASE OF T. F. BELL VS. A. J. MURFF.

1. The power to review by writ of *certiorari* the decisions of the Court of Appeals was conferred on this court mainly to secure uniformity of jurisprudence, and to authorize such review when the question decided by the Court of Appeals was one of law and public importance. The provision in the Constitution of 1898, conferring on this court this power to issue writs of *certiorari*, is given in the terms of the acts of Congress of March 3, 1891, authorizing the Supreme Court of the United States to review by *certiorari* the decisions of the Circuit Courts of Appeals, and the jurisprudence of the Supreme Court of the United States, under the act of 1891, furnishes a guide for us in the exercise of this new jurisdiction. Constitution of 1898, Art. 101; Act of March 3, 1891; 26 Statutes, p. 828, Sec. 6; 141 U. S., p. 583; 144 U. S., p. 47; 162 U. S.. p. 435; 165 U. S., p. 443.
2. The writ will not issue to review decisions of mere questions of fact.

---

*Joannes Smith* and *Murff & Webb* for Relator.

---

Petition filed July 28, 1898.
Opinion handed down July 30, 1898.

---

The opinion of the court was delivered by

MILLER, J. The questions determined by the Court of Appeals arose with reference to the title of the plaintiff's assignor; the prescription applicable to the action; whether the judgment for the property in a petitory action was *res judicata*, concluding the owner's subsequent suit for revenues.; and whether the possessor, under a tax title decreed void, was liable for rents recognized by the judgment to exist from the time the possessor was sued by the owner for the property. I can see nothing in the determination of these questions by the Court of Appeals to call for the writ of *certiorari* not given to clothe this court with appellate jurisdiction, but to issue

only in exceptional cases mainly to secure uniformity of jurispru-dence. The other ground, substantially, that the Court of Appeals has not given effect to Art. 210 of the Consitution, or to the decision of this court in Bristol vs. Murff, 49 An. 357, I have examined. It was no part of Art. 210 of the Constitution, in so far as it bears on the question in this case, to do more than require the refunding to the purchaser in the instances specified in the article of the price paid by him at the tax sale. Neither the article nor our decision modified or affected in any manner the purchaser's liability for rents, a question to be determined by the law irrespective of Art. 210 of the Constitution. I see no basis to issue the writ.